UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYMOND LIGHTELL**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO: 07-3957**

**OUR LADY OF LOURDES REGIONAL MEDICAL**                      **SECTION: "T"(5)**
**CENTER, ET AL.**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss or alternatively, Motion to Transfer filed by Defendants. Rec. Doc. 12. Plaintiff filed an Opposition to the Motion. Rec. Doc. 15. Defendants' Motion came for hearing on October 17, 2007 without oral argument and was submitted on the briefs. The Court, having considered the memoranda and arguments of the parties, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.   BACKGROUND**

Raymond Lightell (hereinafter, "Plaintiff") filed a medical malpractice claim with the Louisiana Patient's Compensation Fund arising out of the alleged inadequate monitoring of IV dye during a CT scan of Plaintiff's abdomen. *See* Exhibit "A" attached to Rec. Doc. 12. That claim is currently pending before the Louisiana Medical Review panel and bears docket number PCR No. 2006- 01785 and was filed December 15, 2006. *See* Rec. Doc. 1 at p. 1 and Exhibit "A" attached to Rec. Doc. 12.

On August 6, 2007, Plaintiff filed a Complaint in this Court requesting the Court assign a docket number "solely for the purposes of conducting discovery and employing the compulsory process of this Court" in accordance with LSA-R.S. 40:1299.47. Rec. Doc. 1 at p 2. In sum, Plaintiff requests the Court conduct discovery on the issues addressed in the medical malpractice action pending before the medical review panel pursuant to Louisiana's medical malpractice statute.

Shortly after filing the Complaint, Plaintiff filed a Motion to Compel requesting the Court compel Defendants to respond to his written discovery requests, i.e. interrogatories and requests for production of documents. Rec. Doc. 8. Defendants filed an opposition to the Motion to Compel and the instant Motion to Dismiss. After a hearing on the Motion to Compel, the Magistrate held that a ruling on the Motion to Compel be pretermitted pending the resolution of Defendants' Motion to Dismiss or Transfer. Rec. Doc. 16.

Defendants' Motion urges that LSA-R.S. 40:1299.47 D(4) allows a party to a medical review panel proceeding to establish a discovery docket in state court only. Thus, because the statute does not allow such action to be taken in federal court, they submit that the action should be dismissed for lack of jurisdiction. Additionally, Defendants urge that the matter should be dismissed because the Court lacks jurisdiction as the amount in controversy is not met pursuant to 28 U.S.C. § 1332(a). Alternatively, and should the Court find that it has jurisdiction, Defendants argue that the matter should be transferred to the United States District Court for the Western District of Louisiana because all of the relevant events and the majority of the defendants reside within that Court's jurisdiction.

Plaintiff counters that the only issue raised in his Complaint concerns the discovery propounded in Plaintiff's medical malpractice action currently pending before the medical review panel. Plaintiff urges that filing the Complaint to conduct discovery is acceptable under Louisiana's Medical Malpractice statute and therefore, dismissal is not warranted. Alternatively, Plaintiff requests that if the Court finds merit in Defendants' arguments, that the action be transferred to the United States District Court for the Western District of Louisiana.

## II.    LAW AND ANALYSIS

The Court assumes, without deciding, that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332; however, and as hereinafter discussed, the action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). The part of the Louisiana Medicaid Statue under which Plaintiffs seeks relief in this Court provides:

> D. (1) The evidence to be considered by the medical review panel shall be promptly submitted by the respective parties in written form only.
>
> (2) The evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, interrogatories, affidavits and reports of medical experts, and any other form of evidence allowable by the medical review panel.
>
> (3) Depositions of the parties and witnesses may be taken prior to the convening of the panel.
>
> (4) Upon request of any party, or upon request of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection and/or copying.
>
> (5) The chairman of the panel shall advise the panel relative to any legal question involved in the review proceeding and shall prepare the opinion of the panel as provided in Subsection G.
>
> (6) A copy of the evidence shall be sent to each member of the panel.

LSA-R.S. 40:1299.47(D).

The Louisiana Supreme Court has held that this section of the Medical Malpractice statute must be strictly construed. See *Perritt v. Dona*, 2002-2601 (La. 2003); 849 So. 2d 56. Further, the *Perritt* Court held that since LSA-R.S. 40:1299.47(D) does not expressly provide for written

discovery, it could not "conceptually compel parties to answer interrogatories" and therefore, at the medical review panel stage, "interrogatories were not permitted." *Perritt,* 849 So. 2d at 64. The *Perritt* action arose out of three (3) separate medical malpractice claims all pending before the medical review panel in which the health care providers or defendants asserted that the plaintiffs' claims did not provide sufficient notice of material facts. As here, all of the matters were pending before the medical review panel and no actions for damages had been filed with any district court, state or federal. *Perritt,* 849 So. 2d at 58-59.

In two (2) of these consolidated actions, the health care provider defendants propounded interrogatories to the plaintiffs which were answered, but were not sufficient. A Motion for Protective Order was granted in one (1) of the cases by the trial court and the court of appeal affirmed. *Perritt,* 849 So. 2d at 59. In the second case, the defendant filed a Motion to Compel after not receiving a satisfactory response to an interrogatory which the trial court granted. The appellate court overturned the ruling as going "beyond the scope of the medical review panel." *Perritt,* 849 So. 2d at 60. The third suit was a challenged to a trial court ruling granting the defendants' Motion to Compel a "more detailed description of [the plaintiff's] claim. *Perritt,* 849 So. 2d at 58.

On review, the first issue decided by the Louisiana Supreme Court was "whether the parties before the medical review panel may propound interrogatories at all, or whether they are limited to discovery by deposition." *Perritt,* 849 So. 2d at 62. After reviewing the provisions of LSA-R.S. 40:1299.47 (D) cited above, the court concluded that the statue must be strictly construed and does not allow interrogatories at the medical review stage. *Perritt,* 849 So. 2d at 64.

The instant Complaint was filed solely for the purposes of conducting discovery. Rec. Doc. 1 at p. 2. Shortly after the Complaint was filed, Plaintiff sought to compel responses to the

4

interrogatories and request for production of documents from the defendants. Although defendants responded, Plaintiff continued to push the issue in this Court. However, *Perritt* clearly states that at the medical review panel stage of the proceeding, which is the stage Plaintiff is currently proceeding under, he has no right to compel defendants to respond to interrogatories. Further, under a strict reading of LSA-R.S. 40:1299.47(D) and in accordance with *Perritt*, Plaintiff cannot compel defendants to respond to the requests for production of documents. The statutory provision provides only that Plaintiff is allowed only to take depositions and have the clerk of any district court "issue subpoenas and subpoenas duces tecum in aid of taking depositions and the production of documentary evidence for inspection and/or copying." LSA-R.S. 40: 1299(D)(3)-(4). The statute is silent as to written requests for production of documents and under a strict reading of the statute as interpreted by the Louisiana Supreme Court, this Court will not compel response to the same.

This action is dismissed without prejudice because the Louisiana Medical Malpractice statute does recognize that Plaintiff has the right to take depositions and file subpoenas duces tecum as outlined above. Neither request has been made to this Court and thus, dismissal at this time is proper. Nevertheless, if the Plaintiff chooses to utilize these permitted procedures, he may re-file his action to conduct discovery under LSA-R.S. 40:1299.47 at which time defendants may raise all jurisdictional issues and other defenses.

The Court also points that the holding in *Perritt* does not prevent the parties from voluntarily conducting discovery amongst themselves. As Justice Wiemer pointed out in his concurring opinion:

> The majority concludes that interrogatories are not permissible in the medical review panel proceeding. I agree that the applicable statutory provisions do not contemplate interrogatories. However, practically speaking, there is no prohibition against the continued voluntary use of interrogatories by one party and voluntary answers by the other party in an effort to expedite matters during the medical

> review panel proceeding. As the majority notes, the parties in the instant cases concede that interrogatories are the least expensive means of exchanging information during discovery. Thus, what we decide today is that a **party cannot be compelled to respond to written interrogatories during the medical review panel proceeding**. Reasonableness dictates most interrogatories should be answered voluntarily.

*Perritt,* 849 So.2d at 67, concurring opinion at FN1. Hence, Plaintiff has no right to compel written discovery in the form of written interrogatories or request of production, but can propound such during the medical review panel proceeding process. Plaintiff chose to do so and the defendants voluntarily responded; hence, any motion to compel the same may be moot.

Accordingly and for the reasons laid out herein,

**IT IS ORDERED** the Defendants' Motion to Dismiss, Rec. Doc. 12, is **GRANTED** pursuant to FRCP 12(6) and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 8th day of January, 2008.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**